Ms. Pollack, good morning. It's still morning. Good morning. May it please the court and counsel. Oh I'm sorry they haven't even sat down. I'm sorry. I didn't mean to rush you. My name is Elizabeth Pollack and I'm with the Federal Public Defender's Office for the Central District of Illinois. I represent the appellant Steven Salutric in this case. And the question on appeal today is a very narrow one. The question is whether or not the district court erred in considering what purported to be a victim impact letter from an individual who was not in fact a victim of the offense. And Mr. Salutric's position is that not only was she not a victim of the offense, she also was not a victim of any of his conduct at all over the period of time for which he was charged or the preceding years. Well aren't we at the most limited to plain error review here because although Mr. Salutric's counsel did object to any allocution by Ms. Vassell, I do not see that there was an objection to consideration of either her letter or the Rotary Club letter even when Judge I think that's accurate, Your Honor. He did object to her making a statement, said that she was not a victim of the offense, but when presented with the actual letter, both in I believe January of the year preceding the sentencing and then again at the hearing, he did not specifically object to the statements that she made within the letter. However, regardless, a defendant is entitled to be punished for the conduct that he committed and also for any defendant, a judge may consider anything about that defendant's history and characteristics that it seems relevant in sentencing the defendant. Well there you go. Why can't a sentencing judge consider letters from victims of other similar uncharged conduct so long as the defendant has notice and an opportunity to respond, which he did have here? Why aren't other uncharged acts relevant to the sentencing decision? They help fill out the picture for the judge. And Mr. Solutrek's position is that if this individual had in fact been somebody who was a victim of any illegal conduct on his part, then that probably would have been a proper consideration. I assume the defense would not object to letters coming from people who said what a wonderful fellow he was. No, of course not. And how decent he was. No, that's correct. So it's a one-way street. It's not a one-way street, but somebody... Put your character in the issue by putting on witness or putting on evidence that you're a fine fellow, but if anybody says anything different, that's out of the question. Well the question is, in the letters of support that were presented by the defendant personally, those individuals were known to him, had a relationship with him, were members of his family, and stated those. The witness that was prevented from testifying would have put her position, and have Mr. Tedd prevented to say what a relationship was, what she knew, and so on and so on. But that was stopped. Well, and I think, you know, the danger, especially in cases like this, is that you have an individual who admitted that he had perpetrated a fraud on a variety of individuals over a period of years. What I think the problem with Ms. Vassell's letter is, from Mr. Solutrek's perspective, is that he didn't actually do anything to Ms. Vassell. And when you have individuals who... He still wasn't charged with it. Well, he would say that he didn't do it at all. Yeah, when he had a chance to say that, and he said it, so... I understand your position. You know, and Ms. Pollack, these comments that the Rotary Club and the other letter writer made seem very, very typical of the types of feelings that victims of fraud, financial crimes, express. They don't seem to be unique in any way. Well, I don't think that they're unique in terms of how they felt about it, but what I think is unique is that, you know, when you have a guy who is in a financial position, and who invests people's money for a living, and has hundreds of clients, and he has taken some of those clients, and he has perpetrated a fraud on them by forging signatures or changing accounts around without asking them, which is what he pled guilty to in this case, then you have pretty much every client who he's ever had who's going to be upset that thinking, well, maybe they are a victim. And I think that is pretty typical as well, that you have other individuals who are not necessarily part of the fabric of the scheme, or even any illegal conduct, who then come out of the woodwork and say, well, I feel badly because I think that might have happened to me as well. And that's Mr. Solutrek's position, is that Ms. Vassell was never harmed by him, and on that basis we'd request a remand for the reconsideration. Despite it all, he still gets a substantially below guidelines sentence. That he did, Your Honor. Yes. And he never argued that anything that was said in the two letters was inaccurate. Well, he focused most of his argument on his lack of criminal history, and also on his personal profit and intention. So Your Honor is correct that he did not specifically argue that the feelings of the victims, whether they were valid or not, that did not come into play at the sentencing hearing. You know, it's really hard to see how the simple consideration of two more people or groups harmed by similar conduct ultimately affected Judge Darra's sentencing decision. Well, you know, he imposed a substantial, you know, just as Judge Tinder said, substantially below guidelines sentence. Yes, that's correct. The only thing I would respond to that is with that the only people that were mentioned by name were those two letters. It was not the actual victims of the offense. I don't believe the judge ever brought up the actual victims of the offense, other than to categorize them as vulnerable and elderly. So they did come into play pretty significantly, at least more so than any of the other alleged victims in the case. And I see I'm into my rebuttal time, so I would ask the court to remand for reconsideration of this letter. Thank you. Hi, Mr. Murray. Good morning. May it please the court, my name is Tyler Murray and I represent the United States. The harms that were inflicted on the Rotary Club and the Judge, it was proper for the district court to consider those letters, but the court did not make a finding that that constituted relevant conduct under the guidelines. I know, well, but would it have? I think it may very well have, Judge, when you look at the nature of the conduct and the time frame of the conduct. The indictment charges conduct from 2002 to 2010. The alleged conduct with respect to the Rotary Club took place in 2009, within that time frame. As to Ms. Vassell's complaint, it's not clear from the letter, but given the nature of the conduct, it certainly coincides with the conduct that he pled guilty to as alleged in the indictment. Okay, thanks. As this court is well aware, there are a few types of evidence they may consider when imposing sentence. In Section 3661 of Title 18 reads that no limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense, which a court may receive and consider for the purpose of imposing an appropriate sentence. And as the Supreme Court stated in Pepper, it has, quote, long recognized that sentencing judges exercise a wide discretion in the types of evidence they may consider when imposing sentence in that highly relevant, if not essential, to the selection of an appropriate sentence is the possession of the fullest information possible concerning the defendant's life and characteristics, end quote. And not only does Title 18 allow a district court to consider information regarding a defendant's background, Section 3553 requires a district court to consider a defendant's history and characteristics. And that applies both, and this is to your point, Judge Bauer, applies both to mitigating and aggravating information. And here the district court properly considered two letters that were relevant to the sentencing because they contained information regarding other allegedly fraudulent conduct engaged in by Mr. Solutric, which certainly is probative of his history and characteristics under Section 3553. Unless there are any additional questions, the government respectfully requests that the court adjourn until tomorrow. Thank you. All right. Well, thank you both so very much.